UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANEICIA FORD, DANGELO ROBERTS, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, and MEGHAN FRAZIER,<br><br>Defendants. | CASE NO. 2:24-cr-122<br><br>ORDER TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE |

This matter comes before the Court on Defendant Kohrey Lee Bridges's motion to continue the trial date and pretrial motions deadline. Dkt. No. 57. Bridges asks to begin trial on July 28, 2025, and waives his speedy trial right through August 28, 2025. Bridges's attorney Stephan R. Illa states that despite his best efforts he cannot prepare for trial by the date scheduled, September 30, 2024, given the substantial, yet-to-be produced discovery, in this multi-defendant case. Dkt. No. 57 ¶¶ 3.6-3.7.

**ORDER TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE - 1**

Defendants Aneicia Ford, Dangelo Roberts, and Shanna Carter-Zanders do not object to Bridges's proposed continuance and waive their speedy trial rights through July 28, August 15, and July 31, 2025, respectively. Dkt. Nos. 61, 62, 64.

Defendant Anthony McQueen and his attorney acknowledge that the trial as scheduled does not allow counsel sufficient time to prepare for trial, but McQueen objects to the proposed new trial date and asks that the trial be continued for a shorter period—to no later than March 2025. Dkt. No. 60. McQueen. *Id.* at 1. Accordingly, McQueen only waives his speedy trial right through March 31, 2025. Dkt. No. 60-1.

Defendant Meghan Frazier has not responded to the motion, and the time for responding has passed. Bridges's attorney, however, represents that "Fraizer [sic] has confirmed his [sic] availability for trial on July 28, 2025, and has not objected to moving the trial to that date." Dkt. No. 65 at 2. Given that Frazier is not in custody, Dkt. No. 48, and a continuance to July 28, 2025, is a reasonable amount of time under the circumstances, the Court finds the ends of justice will best be served by a continuance of Frazier's trial date as well.

The Government favors continuing the trial to July 28, 2025. The Government argues the Defendants should be tried together because "[t]he majority of witness testimony required to establish an individual [D]efendant's role in the [alleged] conspiracy and offense conduct would overlap with that of the other co-defendants, and much of the digital evidence . . . is applicable to multiple [D]efendants." Dkt. No. 68 at 2. The Government also agrees a continue is warranted under the circumstances because, as of August 30, 2024, counsel had not

**ORDER TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE - 2**

yet received discovery and "[f]urther time is thus necessary for defense counsel to review and consider these materials thoroughly." *Id.* at 2-3.

The Court finds that:

1. taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel the reasonable time necessary for effective preparation due to counsels' need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);
2. a failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);
3. the additional time requested is a reasonable period of delay as counsel for all but one defendant have requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses;
4. the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A);
5. the time requested between the current trial date and the new trial date is needed to provide counsel the reasonable time necessary to prepare for trial considering counsels' schedule and all the facts set forth above; and
6. the period of delay from the date of this order to the new trial date is excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

**ORDER TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE - 3**

The Court overrules the objections of any Defendants who were not prepared to waive their rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and did not consent to a continuance of the trial date to July 28, 2025. It is well established that in multi-defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act Period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6); *United States v. Henry*, 984 F.3d 1343, 1353 (9th Cir. 2021).

Accordingly, the Court ORDERS the following:

1. The current trial dates of September 30, 2024, October 7, 2024, and October 14, 2024, are STRICKEN and RESET to July 28, 2025.
2. Pretrial motions must be filed no later than June 28, 2025.

Dated this 19th day of September, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE - 4**