THE HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>      vs.<br><br>ANEICIA FORD,<br><br>                         Defendant | NO. CR24-122-JNW-001<br><br>**DEFENDANT FORD'S SENTENCING MEMORANDUM** |

## I.      SENTENCING RECOMMENDATION

Senior U.S. Probation Officer Tyler Muise accurately describes Ms. Ford's involvement in this case at paragraphs 13-18 of the presentencing report.

Ms. Ford has pleaded guilty and accepted responsibility for committing the crimes of conspiracy to commit bank fraud and one count of aggravated identity theft.

Ms. Ford agrees that Officer Muise properly calculated Ms. Ford's base offense level to be 7 and her criminal history score to be 0. Ms. Ford agrees that she should receive a twelve-level increase under USSG §2B1.1(b)(1)(G) because the total loss caused by her conduct was more than $250,000 but less than $550,000. Ms. Ford agrees that she should receive a two-level increase to the offense level under USSG §2B1.1(b)(2)(A)(i) because the offense involved ten or more victims. Ms. Ford agrees that she should receive a two-level increase to the offense level under USSG §3B1.3 because she used her position of trust as a customer service representative to perpetrate the offenses.

DEFENDANT FORD'S SENTENCING MEMORANDUM- 1

**RYAN P. ANDERSON,**
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

Ms. Ford agrees that she should receive a two-level reduction in her offense level under USSG §§ 4C1.1(a) and (b) because she is a Zero-Point Offender. Ms. Ford also agrees that she should receive a two-level reduction in her offense level under USSG §3E1.1(a) for acceptance of responsibility and a one-level reduction in her offense level under USSG §3E1.1(b) based on her agreeing to plead guilty.

However, Ms. Ford believes she should receive a sentence of time served on the conspiracy charge and serve the mandatory minimum two-year sentence on the aggravated identity theft charge in community-based custody/home detention due to her family circumstances.

## II.    TOTAL OFFENSE LEVEL AND CRIMINAL HISTORY

Ms. Ford has no objection to the calculation of her total offense level as 18 or to the determination that she has no criminal history.

Pursuant to Ms. Ford's plea agreement, the government has agreed to recommend a sentence of 30 months pursuant to USSG § 5K1.1 due to Ms. Ford's acceptance of responsibility. Ms. Ford respectfully requests this court impose a sentence of 24 months to be serve on community custody/home detention.

## III.    BASIS FOR RECOMMENDATION

In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court rendered the Sentencing Guidelines "effectively advisory." A district court must engage in a guideline analysis, but that is only one part of the 18 U.S.C. § 3553(a) inquiry. *Id.* Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid

DEFENDANT FORD'S SENTENCING MEMORANDUM- 2

RYAN P. ANDERSON,
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. And, previously impermissible departures can now be considered. 18 U.S.C. § 3553(a).

> Thus, under the post-*Booker* discretionary sentencing regime, the advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence. For instance, the Sentencing Guidelines' limitations on the factors a court may consider in sentencing — e.g., the impermissible grounds for departure set forth in Section 5K2.0(d) — no longer constrain the court's discretion in fashioning a sentence within the statutory range.

*United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir.), affirmed, 409 F.3d 1073 (2005).

> Further, in exercising their discretion:

> . . . district judges must consider, along with the advisory guideline range the goals and purposes of sentencing as reflected in § 3553(a) and fashion an appropriate sentence that furthers these objectives. To facilitate meaningful appellate review, the court must also provide a reasoned explanation for its sentencing decision. See 18 U.S.C. § 3553(c).

*Ameline*, 400 F.3d at 656.

### *Mitigating factors-<u>Loss of Caretaking and Financial Support.</u>*

18 U.S.C. § 3553 provides, in pertinent part,

> (a) Factors to be considered in imposing a sentence--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

>> (1) the nature and circumstances of the offense and the history **and characteristics of the defendant;**

>> (2) the need for the sentence imposed--

>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>>> (B) to afford adequate deterrence to criminal conduct;

>>> (C) to protect the public from further crimes of the defendant; and

DEFENDANT FORD'S SENTENCING MEMORANDUM- 3

**RYAN P. ANDERSON,**
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

            (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

            (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

    (5) any pertinent policy statement--

        (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [FN1]

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

DEFENDANT FORD'S SENTENCING MEMORANDUM- 4

**RYAN P. ANDERSON,**
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

Former USSG §5H1.6 that was in effect until November 1, 2025, stated that, "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." However, the application note for this provision states:

**Circumstances to Consider.—**

(A) **In General.**—In determining whether a departure is warranted under this policy statement, the court shall consider the following non-exhaustive list of circumstances:

(i) The seriousness of the offense.

(ii) The involvement in the offense, if any, of members of the defendant's family.

(iii) The danger, if any, to members of the defendant's family as a result of the offense.

(B) **Departures Based on Loss of Caretaking or Financial Support.**—A departure under this policy statement based on the loss of caretaking or financial support of the defendant's family requires, in addition to the court's consideration of the non-exhaustive list of circumstances in subdivision (A), the presence of the following circumstances:

(i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.

(ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.

(iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

(iv) The departure effectively will address the loss of caretaking or financial support.

DEFENDANT FORD'S SENTENCING MEMORANDUM- 5

RYAN P. ANDERSON,
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

1    "[Former]U.S.S.G. § 5H1.6 allows for a departure for family ties and responsibilities,

2    but states that such a departure is discouraged." *United States v. Ada*, 780 Fed. Appx. 473,

3    476 (9th Cir. 2019).

4    While § 5H1.6 states that "family ties and responsibilities are not ordinarily
     relevant in determining whether a departure may be warranted," Comment B

5    states that departure may be warranted "based on loss of caretaking or
     financial support." U.S.S.G. § 5H1.6(1)(B). In order to qualify, the following

6    circumstances must exist: (1) the sentence will cause a substantial, direct, and
     specific loss of essential financial support to the defendant's family; (2) the

7    loss of financial support substantially exceeds the harm ordinarily incident to
     incarceration for a similarly situated defendant; (3) the defendant's financial

8    support is irreplaceable; and (4) the departure will effectively address the loss
     of financial support. *Id.*

9
     *Huitran-Barron v. United States*, 4:16-CR-175-BLW, 2018 WL 5983560, at *4 (D. Idaho

10   Nov. 13, 2018) (District Court Order).

11   Ms. Ford, through counsel, is aware that §5H existed in 2024 but has been deleted in

12   the 2025 USSG effective November 1, 2025. However, Ms. Ford believes her circumstances

13   warrant a departure from the sentencing guidelines due to her family ties and responsibilities.

14   The sentencing guidelines are advisory, not mandatory, and there is nothing in the guidelines

15   or case law that prohibits this court from applying the former 5H1.6 analysis to Ms. Ford.

16   Ms. Ford is the mother and sole caretaker for two children, Amari Ford (14-years-old)

17   and Aniya Ford (8-years-old). Both Amari and Aniya depend on Ms. Ford daily for

18   everything.

19   Ms. Ford's oldest daughter, Amari suffers from an iron deficiency, asthma, and an

20   anxiety mood disorder. Amari has a 504 plan in place to help her manage these challenges,

21   but Ms. Ford's consistent support is essential for Amari's success and well-being. In case the

22   Court or the Government is unaware, a 504 plan is a customized plan to provide students

23   with disabilities an adequate and appropriate public education by ensuring that students such

24

25   DEFENDANT FORD'S SENTENCING MEMORANDUM- 6

**RYAN P. ANDERSON,**
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

as Amari have equal access to education through accommodations. This includes services for students such as Amari who have physical, mental, or chronic health impairments.

In addition, Amari's schedule is intensive. For example, Amari is a high school student and high school basketball player, which requires travel, practice, and games all of which Ms. Ford is intricately involved for her daughter.

Further, Ms. Ford's youngest child, Aniya, was born prematurely and spent six weeks in the NICU at Mary Bridge Hospital in Tacoma, WA. Since birth, Aniya has faced a multitude of health complications and continues to require extensive medical care. Aniya is currently treated by five specialists: a gastrointestinal specialist; a pulmonary/respiratory specialist; a primary care provider; ear nose and throat specialist; and an allergy specialist. Medical doctors/specialists diagnosed Aniya with chronic lung disease; asthma; esophageal reflux disease; milk protein allergy; and severe environmental allergies. Accordingly, Aniya's medication regimen is intensive and complex. Ms. Ford is solely responsible for administering all of Aniya's medications and responsible for coordinating all of Aniya's care.

Aniya has undergone multiple surgeries, which includes the following: tonsil and adenoid removal in 2022; most recently, in April of 2025, a second adenoidectomy and turbinate reduction.

Further, Aniya now suffers from obstructive sleep apnea and requires CPAP therapy and Aniya's initial CPAP fitting occurred on November 19, 2025. Aniya's numerous medical issues demand constant monitoring and hands-on care that no one else in Ms. Ford's family can capably provide.

Ms. Ford is a single mother and is the only person capable of sufficiently caring for her children. Amari and Aniya's father currently resides in a group home; has no source of

DEFENDANT FORD'S SENTENCING MEMORANDUM- 7

RYAN P. ANDERSON,
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

1  income; and is incapable of caring for Amari and Aniya medical needs as well as incapable of

2  caring for them emotionally and financially.

3       Ms. Ford works full-time while managing these familial responsibilities. Her children

4  lean on her and depend on her for all of their emotional, medical/physical, and psychological

5  needs and care.

6       The only person who can assist Ms. Ford care for her children is her mother, Ladonna

7  L. Alston. Ms. Alston does her best to help when she can, but Ms. Alston is not capable of

8  fulfilling all of Amari and Aniya's needs if Ms. Ford is incarcerated. (See attached exhibit 1).

9       Ms. Alston loves her granddaughters immensely, but Ms. Alston already shares her

10  home with her mother, brother, and nephew (a minor), all of whom Ms. Alston supports

11  financially. Ms. Alston's mother, brother, and nephew are not capable of contributing due to

12  their own financial and physical challenges.

13       In addition, Ms. Alston has her own physical challenges/limitations. For example, Ms.

14  Alston has been diagnosed as a diabetic. Ms. Alston also suffers from left-knee arthritis due

15  to bone degeneration, which significantly restricts her mobility, which makes using stairs,

16  prolonged standing, and walking difficult. Ms. Alston already needs knee replacement

17  surgery, which is scheduled for 2026 and has to rely on assistance from family members (Ms.

18  Ford included) for everyday tasks.

19       At this time, Ms. Alston in not capable of providing adequate support for Amari and

20  Aniya.

21       Accordingly, Ms. Ford is respectfully requesting that she be given a 24-month

22  sentence to be served on home detention on community custody. SEE *United States v.*

23  *Marine*, 94 Fed. Appx. 307 (6th Cir. 2004) (UNPUBLISHED) (*Marine* affirmed a ten-level

24  downward departure where a parent's incarceration would have led to the placement of three

25

DEFENDANT FORD'S SENTENCING MEMORANDUM- 8

                                        **RYAN P. ANDERSON,**
                                        1102 Broadway, Suite 310
                                        Tacoma, WA 98402
                                        United States
                                        Telephone: 971-227-0421

1   minor children in foster care because she was the sole caretaker and financial support for the

2   children.)

3          Ms. Ford has no criminal history.

4          Ms. Ford is full-time employed at Goodwill as a caseworker/career navigator. It is

5   noteworthy that Ms. Ford notified her previous employer about this case at the time of

6   indictment and was terminated.

7          Thereafter, she took an internship at Goodwill and through her hard work created new

8   employment with Goodwill where she is excelling as a full-time employee.

9          Ms. Ford has been an exemplary employee at Goodwill throughout this case. Ms.

10  Ford's job responsibilities at Goodwill include working with clients to create resumes as well

11  as helping clients with job coaching skills and assisting clients with gaining employment

12  opportunities. (See attached exhibit 2).

13         In addition, per pre-trial services/supervision (PTS), Ms. Ford did "very well" on

14  supervision throughout this case. PTS notes that Ms. Ford received no violations and laments

15  that she was in full compliance throughout this entire case.

16         Moreover, Ms. Ford is a valued member of her community, which includes regularly

17  donating her time at her daughters' schools and classrooms. Ms. Ford has made a positive

18  impact on her community and its members. (see attached exhibit 3).

19         Ms. Ford's circumstances satisfy all four factors under former USSG 5H1.6 to justify

20  a downward departure from the sentencing guidelines due to her family ties and

21  responsibilities: (1) Ms. Ford serving a sentence within the applicable range will cause a

22  substantial, direct, and specific loss of essential caretaking, or essential financial support, to

23  her family; (2) because Ms. Ford is a single mother and has no family or friends who could

24  replace her as the caregiver to her children and mother, the loss of caretaking or financial

25

DEFENDANT FORD'S SENTENCING MEMORANDUM- 9

RYAN P. ANDERSON,
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421

support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant; (3) the loss of Ms. Ford's caretaking and financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family; and (4) allowing Ms. Ford to serve her term of confinement in community custody will address the loss of caretaking or financial support.

## VI.    CONCLUSION

For the reasons set forth in this memorandum, and to be set forth at sentencing, the defense requests that this Honorable Court sentence Ms. Ford to a term of credit for time served on the conspiracy charge and a period of two years community custody/home detention on the aggravated identity theft charge.

DATED: November 28th 2025.

RYAN P. ANDERSON, WSBA No. 39822
Attorney for Defendant

DEFENDANT FORD'S SENTENCING MEMORANDUM- 10

**RYAN P. ANDERSON,**
1102 Broadway, Suite 310
Tacoma, WA 98402
United States
Telephone: 971-227-0421