UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANEICIA FORD,<br><br>Defendant. | CASE NO. 24-cr-00122-JNW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

Defendant Aneicia Ford, proceeding pro se, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. Nos. 241, 244. The Government opposes her request. Dkt. No. 248. The Court has considered the motion, the response, the records filed under seal, U.S. Probation and Pretrial Services' investigative report, and the governing law.

The Court sentenced Ms. Ford on December 4, 2025, to 30 months' imprisonment for conspiracy to commit bank fraud and aggravated identity theft, and she has served roughly six months. Dkt. No. 246. She seeks release to care for her two minor daughters on the grounds that their guardian—her mother, LaDonna Alston—can no longer care for them because Ms. Alston needs knee surgery, and

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

that the children's medical needs and serious allegations against their father require that Ms. Ford be at home. At the Court's request, Probation Services investigated and reported on June 17, 2026. It confirmed that Ms. Alston holds emergency guardianship of the children, owns a stable home, works from home, is financially able to support the children, and has enrolled and funded both in counseling, with additional family nearby. Although Ms. Alston needs knee surgery, she intends to defer it until the children's circumstances stabilize.

Relief under § 3582(c)(1)(A) requires "extraordinary and compelling reasons," consistency with U.S.S.G. § 1B1.13, and support from the § 3553(a) factors. *United States v. Bryant*, 144 F.4th 1119, 1123–24 (9th Cir. 2025). The defendant bears the burden on each, and a failure to establish the first is reason enough to deny a request. *See id.*; *United States v. Bolden*, No. CR16-320-RSM, 2020 WL 4286820, at *3, *7 (W.D. Wash. July 27, 2020).

Assuming Ms. Ford has exhausted her administrative remedies, the motion turns on whether she has shown extraordinary and compelling reasons. She has not. Her main argument is that Ms. Alston is "incapacitated" under the family-circumstances provision, which reaches "the incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). Incapacitation in this sense means an injury or illness that "renders the caregiver incapable of caring for the child," *Bolden*, 2020 WL 4286820, at *4 (quoting BOP Program Statement 5050.50), and it must be proven with evidence rather than "naked assertions," *United States v. Pacheco*, No. CR20-0217-JCC-12, 2026 WL 1894116, at *1 (W.D. Wash. July 1, 2026). The record establishes the opposite. Ms. Alston has secured guardianship,

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 2

maintained a stable home, supported the children financially, and arranged their counseling—she is, in short, already caring for them. Her knee surgery remains a future need that she has chosen to defer, and managing a painful condition is not the same as being unable to provide care. *Bolden*, 2020 WL 4286820, at *5–6.

Ms. Ford's remaining grounds fare no better. First, the children's medical conditions and the allegations against their father, considered under the catch-all provision, do not rise to the same gravity as the enumerated categories. U.S.S.G. § 1B1.13(b)(5). The medical records reflect serious but managed conditions, not a life-threatening situation that Ms. Ford alone can address. The allegations against the father are grave and the Court does not minimize them. Probation confirmed an active police investigation into the alleged abuse of the older daughter and a record of prior arrests for domestic violence and assault. But those circumstances confirm rather than undermine the presence of a capable caregiver—Ms. Alston secured a no-contact order, helped secure counsel for the child, and is cooperating with law enforcement. The children's safety is being protected through means that do not depend on Ms. Ford's release.

Next, Ms. Ford asks to be released so that she may lay her late grandmother to rest, but bereavement is not among the circumstances the policy statement recognizes as extraordinary and compelling.

Finally, while in custody, Ms. Ford has stayed out of trouble and completed her programming. That is to her credit. But rehabilitation alone does not make for an extraordinary and compelling reason.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

Because Ms. Ford has not shown an extraordinary and compelling reason for release, the Court need not reach the remaining requirements. *Bryant*, 144 F.4th at 1123. The motion, Dkt. Nos. 241, 244, is DENIED without prejudice to renewal should circumstances materially change.

Dated this 17th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4